DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Daniel Copley, has appealed from his convictions in the Medina County Court of Common Pleas of felonious assault, aggravated robbery, and having weapons under disability, with a firearm specification running with the aggravated robbery conviction. This Court affirms.
 I {¶ 2} On the afternoon of August 19, 2002, Copley, who had recently been released from a seventeen-year period of incarceration for an aggravated robbery conviction, had been staying at the home of his mother in Rittman, Ohio. Because his mother was no longer willing to have Copley stay with her, Copley asked his daughter to drive him to a motel. Copley's daughter first took Copley to the home of Karen and Russell Ault, who also lived in Rittman. Copley's daughter waited in the vehicle while Copley went inside the house. While inside, Copley apparently pried open the Ault's gun case and stole a twelve-gauge shotgun and ammunition.[1] Copley's daughter eventually dropped him off near the Legacy Inn in Wadsworth, where Copley got a room.
 {¶ 3} Because the Aults had contacted the police to report the theft of the shotgun, the police contacted Copley's daughter and mother. Given the information reported by Copley's mother and daughter, the Wadsworth police had reason to believe that Copley was intoxicated, was armed with at least one weapon, and had checked into the Legacy Inn with some sort of violent intention. It was unclear whether he intended to commit violence toward someone else or against himself.
 {¶ 4} Richard Graff, a twenty-one-year veteran of the Wadsworth Police Department, was sent undercover to the Legacy Inn to try to prevent Copley from hurting anyone. Graff drove an unmarked police car to the Legacy Inn in Wadsworth and checked into the room across from Copley's room. Graff parked outside of the room and, just after he got out of the car, Copley approached him with the shotgun. Pointing the gun directly at Graff, Copley ordered him to the ground and demanded his keys. Graff threw the keys, hoping to buy some time to make a call on his cellular phone, but Copley picked up the keys and approached the car before Graff was able to make a call.
 {¶ 5} Copley got into the unmarked police car, sitting with the shotgun straddled across his lap, but was unable to start the car. The key ring apparently had three keys for the vehicle: a trunk key and two different ignition keys because the police department had replaced the vehicle's ignition. Graff approached the car and offered to help. Copley handed him the keys and Graff got into the car. After Graff unsuccessfully tried to start the car, he attempted to pull the shotgun away from Copley. Graff grabbed the barrel of the gun while Copley held tight to the trigger area and the two struggled over the gun. Graff attempted to gain control of the weapon and, at the same time, attempted to keep the barrel of the gun from pointing at him.
 {¶ 6} During the struggle over the gun, the shotgun discharged, shooting a hole in the roof of the car. After the jolt of the gun firing, Copley again gained complete control of the shotgun and pointed it directly at Graff. A further struggle ensued and Graff eventually was able to disarm Copley. Graff had been able to make a call on the car's radio so backup officers arrived at the scene and Copley was apprehended.
 {¶ 7} Copley was indicted on charges of felonious assault with a firearm specification, aggravated robbery with a firearm specification, and having weapons under disability. Following a jury trial, Copley was convicted of all charges with the exception of the firearm specification running with the felonious assault conviction.
 {¶ 8} Copley has timely appealed and has raised five assignments of error.
 II Assignment of Error Number One
"The evidence at trial was insufficient to support appellant's felonious assault conviction, and that conviction was against the manifest weight of the evidence."
 {¶ 9} Copley has asserted that his conviction of felonious assault was not supported by sufficient evidence and was against the manifest weight of the evidence. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 10} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 11} Copley was convicted of felonious assault, pursuant to R.C.2903.11(A)(2), which provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." The facts were undisputed that Copley used a deadly weapon during the commission of his offense. The only potential dispute is whether he knowingly attempted to cause harm to another. Copley asserted at trial, and has argued again on appeal, that he did not intend to hurt anyone but himself.
 {¶ 12} R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 13} The state presented ample evidence to establish that Copley knowingly attempted to cause physical harm to Graff, or someone else, by means of the twelve-gauge shotgun. Even by Copley's own testimony, he was at the Legacy Inn with a loaded shotgun and he deliberately pointed it directly at Graff and demanded his keys. When Graff attempted to gain control of the shotgun, Copley never surrendered the gun but continued to keep both hands on the gun, struggling to regain complete control. Officer Graff was able to avoid being shot only because he forced the barrel of the gun away from his head. Even if Copley did not deliberately fire the shotgun, he acted with knowledge that such a result was likely to occur. Moreover, after Copley fired the shotgun, even if he had not done so deliberately, he again pointed the gun directly at Graff. Graff was able to gain control of the weapon and backup officers arrived before Copley was able to fire the weapon again.
 {¶ 14} The undisputed evidence established that Copley was aware that his actions of repeatedly pointing a loaded shotgun at Graff and struggling with him over it would likely cause physical injury to Graff or someone else. But for the actions of Graff and his fellow officers, Graff likely would have been injured by the shotgun. Therefore, it was reasonable for the jury to conclude that Copley knowingly attempted to cause physical injury to Graff, or someone else, by means of the loaded shotgun and, therefore, was guilty of the offense of felonious assault. Copley's first assignment of error is overruled.
 Assignment of Error Number Two
"The trial court erred in failing to give appellant's requested jury instruction on the lesser included offense of simple assault."
 {¶ 15} Copley has asserted that the trial court erred in failing to instruct the jury on the lesser included offense of assault. A charge on a "lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas
(1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 16} In State v. Rogers (Mar. 4, 1993), 8th Dist. No. 62014, the court found that, because the evidence supporting the defendant's felonious assault conviction was so strong, the evidence presented could not reasonably support an acquittal on that charge and, therefore, an instruction on the lesser included offense of simple assault was not warranted. That reasoning applies with equal force here. The evidence supporting Copley's felonious assault conviction was primarily undisputed even by Copley's own testimony. The only dispute involved whether Copley had the gun initially because he wanted to commit suicide. As noted above, Copley's intentions were not controlling. There was no dispute that Copley knowingly attempted to harm someone with a deadly weapon. He repeatedly pointed an armed shotgun at Graff, the two struggled over the weapon in a motel parking lot and, during that struggle, Copley fired the weapon. A reasonable juror could not have acquitted Copley on the felonious assault charge. Therefore, the trial court did not err in failing to instruct the jury on the offense of simple assault. Copley's second assignment of error is overruled.
 Assignment of Error Number Three
"The trial court erred by permitting jurors to ask written questions of the witnesses at trial."
 {¶ 17} Copley had argued that the trial court committed reversible error by allowing the jurors to submit written questions to witnesses, but he withdrew this assignment of error at oral argument. Even if Copley had chosen to pursue this argument, it would have been without merit. There is nothing in the record to indicate that Copley raised any objection to this practice in the trial court. It is fundamental that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus. Because Copley failed to raise this alleged error in the trial court, he has waived his right to raise it on appeal. Copley's third assignment of error is overruled.
 Assignment of Error Number Four
"Appellant's trial counsel provided ineffective assistance of counsel by conceding on the record that appellant was guilty of the aggravated robbery and having weapons while under disability counts of the indictment and by further informing the jury that appellant still faced a pending burglary charge in another county."
 {¶ 18} Through his fourth assignment of error, Copley has argued that he was afforded ineffective assistance of trial counsel. Specifically, he has contended that his trial counsel was ineffective because counsel stipulated that Copley had committed the offenses of aggravated robbery and having weapons under disability rather than requiring the state to prove these offenses beyond a reasonable doubt.
 {¶ 19} Reversal of convictions based on ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674; Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Strickland at 689.
 {¶ 20} The state has asserted, and this Court agrees, that counsel's stipulation that Copley committed the offenses of aggravated robbery and having weapons under disability was probably sound trial strategy. The evidence that Copley committed those offenses was undisputed. By limiting the state's evidence on those crimes, trial counsel was able to keep out evidence that would likely be harmful to Copley's defense, particularly evidence about his prior conviction.
 {¶ 21} Copley has failed to demonstrate that trial counsel erred. Moreover, Copley has failed to demonstrate that the outcome of his trial would have been different if trial counsel had not stipulated to the other offenses because the evidence against Copley on all three offenses was overwhelming. Copley's fourth assignment of error is overruled.
 Assignment of Error Number Five
"The trial court erred by sentencing appellant to maximum prison terms on both the aggravated robbery and felonious assault counts."
 {¶ 22} In his fifth assignment of error, Copley has asserted that the trial court erred in imposing maximum prison terms for his convictions of aggravated robbery and felonious assault because his offenses were not the worst form of the offenses and he does not pose a great likelihood of committing future offenses. See R.C. 2953.08.
 {¶ 23} A trial court may impose the maximum prison term upon an offender if he falls into one of four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as provided in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as provided in R.C. 2929.14(D)(2). R.C. 2929.14(C). Although Copley has devoted much of his argument to asserting that he did not commit the worst form of these offenses, the trial court explained that it was imposing maximum prisons terms because Copley is likely to commit future crimes.
 {¶ 24} R.C. 2929.12(D) sets forth factors that the trial court may consider in determining whether an offender is likely to commit future crimes. It provides, in relevant part:
"The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense * * *.
* * *
"(3) The offender * * * has not responded favorably to sanctions previously imposed for criminal convictions."
 {¶ 25} The trial court specifically indicated that it found that Copley was likely to commit future crimes based on the following evidence. Copley had a long history of prior offenses, beginning in 1980. He had twice been convicted of driving while intoxicated, twice convicted of receiving stolen property, and one prior conviction of aggravated robbery. Copley served seventeen years on the aggravated robbery conviction and, two months after he was released from incarceration, while still under post-release control, he committed the offenses at issue in this case just after committing a burglary in Wayne County at the home of the Aults.
 {¶ 26} Copley has failed to demonstrate that the trial court committed any error in its consideration of recidivism factors, in finding that Copley has a great likelihood of committing future crimes, or in imposing a maximum term of incarceration. Copley's fifth assignment of error is overruled.
 III {¶ 27} Copley's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Baird, P.J. and Batchelder, J. concur.
[1] Because that crime was committed in Wayne County, it is not part of this Medina County case.