[Cite as *State v. Lackey*, 2024-Ohio-4826.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 2023CA0074-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KAY LACKEY | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 23CRB00271 |

DECISION AND JOURNAL ENTRY

Dated: October 7, 2024

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Kay Lackey appeals the judgment of the Medina Municipal Court. This Court affirms, in part, reverses, in part, and remands for further proceedings.

I.

**Relevant Background Information**

{¶2} This appeal arises from allegations of animal cruelty against 17 dogs and 4 cats that were once in Ms. Lackey's care. Ms. Lackey was charged with one count of cruelty against companion animals, in violation of R.C. 959.131(F)(1), a misdemeanor of the first degree, and two counts of cruelty against companion animals, in violation of R.C. 959.131(D)(1), misdemeanors of the second degree. Ms. Lackey pleaded not guilty and the matter proceeded to trial. The trial court found Ms. Lackey guilty of all counts and sentenced her to 180 days of jail time with 165-days suspended contingent upon the successful completion of probation, and $700 in fines.

{¶3} Ms. Lackey now appeals raising four assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH THE JURY WAIVER REQUIREMENTS MANDATED BY R.C. 2945.05.**

**{¶4}** In her first assignment of error, Ms. Lackey argues the trial court failed to strictly comply with the mandatory jury waiver requirements set forth in R.C. 2945.05. We agree.

**{¶5}** R.C. 2945.05 states:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

"Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax*, 2007-Ohio-4277, ¶ 9.

**{¶6}** In *City of Elyria v. Kacur*, 1985 WL 10683, *1-2, (9th Dist. Apr. 17, 1985), this Court addressed a similar issue where a jury demand was properly filed in a petty offense case and a motion to withdraw the jury demand was then filed by the Mr. Kacur's attorney without meeting the requirements in R.C. 2945.05. We sustained Mr. Kacur's assignment of error, stating:

Defendants have the right to a jury trial in misdemeanor cases. *Mentor v. Giordano*, 9 Ohio St. 2d 140 [(1967)]. In cases before a municipal court, this right is waived completely unless the defendant or his attorney makes a written demand for a jury. R.C. 1901.24. *See also* Crim. R. 23(A). Once such a demand is made, there is no provision under the Ohio Revised Code or the Ohio Rules of Criminal Procedure for withdrawing it.

. . .

[W]e hold that once a jury demand is properly made pursuant to R.C. 1901.24, the trial court has no jurisdiction to try the defendant without a jury unless the right to a jury trial is waived in the manner provided for by R.C. 2945.05.

{¶7} Here, similar to *Kacur*, Ms. Lackey filed a written jury demand in accordance with R.C. 1901.24. One day prior to trial, Ms. Lackey's attorney filed a document titled "Notice of Withdrawal of Jury Demand and Waiver of Trial by Jury." This document was not signed by Ms. Lackey, did not contain the language stated in R.C. 2945.05, and was not made in open court. As such, the requirements of R.C. 2945.05 were not met and Ms. Lackey did not properly waive her right to a jury trial.

{¶8} Therefore, because the trial court lacked jurisdiction to hold a bench trial on this matter, we are compelled to vacate Ms. Lackey's convictions.

{¶9} Accordingly, Ms. Lackey's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED WHEN IT ACCEPTED THE STIPULATION OF FACTS WITHOUT FIRST ADDRESSING WHETHER [MS. LACKEY] KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED INTO THE AGREEMENT.**

{¶10} In her second assignment of error, Ms. Lackey argues the trial court erred in accepting stipulated facts, agreed to by counsel, without first addressing whether Ms. Lackey knowingly, intelligently, and voluntarily entered into the agreement. Ms. Lackey's assigned error is narrow and specific: a trial court errs by accepting a stipulation without first addressing the defendant personally and determining whether the defendant knowingly, voluntarily, and intelligently entered into the agreement.

{¶11} There is no dispute that a stipulation is a voluntary agreement between the parties concerning the disposition of some relevant point so as to eliminate the need for proof or to narrow

the range of issues at trial. *DeStephen ex rel. DeStephen v. Allstate Ins. Co*., 2002-Ohio-2091, ¶ 17 (10th Dist.). Once accepted, the stipulation is binding on the parties and one of the parties cannot withdraw from it unless the court grants leave for it to do so for good cause. *State v. Solomon*, 2008-Ohio-553, ¶ 26 (9th Dist.), quoting *Marysville Newspapers Inc. v. Delaware Gazette Co. Inc*., 2007-Ohio-4365, ¶ 35 (3d Dist.).

**{¶12}** Ms. Lackey, through counsel, entered into stipulations. She later tried to withdraw from that agreement. Notably, Ms. Lackey's assignment of error is not directed at her later attempt to withdraw from the stipulations. Rather, she has assigned as error that the trial court must have determined that she knowingly, voluntarily, and intelligently entered the stipulations, similar to a Crim.R. 11 colloquy required before entering a plea. There is no support, however, in the Ohio Rules of Criminal Procedure or case law for this proposition.

**{¶13}** In *State v. Creech*, 2016-Ohio-8440, the Supreme Court of Ohio considered a defendant's stipulation to evidence that established an element of a charged offense. The *Creech* Court concluded that a defendant may stipulate to an element of the offense. *See id*. at ¶ 40. The Court did not, however, require the trial court to conduct a colloquy, or any discussion, with the defendant prior to the defendant offering that stipulation. Ms. Lackey has not identified any cases that require this and we have not found any.

**{¶14}** Our resolution of this assignment of error is limited to the narrow issue presented. We conclude the trial court was not required to hold a hearing to determine whether Ms. Lackey knowingly, voluntarily, and intelligently entered into the stipulations. This conclusion does not foreclose the parties, on remand, from arguing that they should not be bound by the stipulations in the future.

**{¶15}** Accordingly, Ms. Lackey's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE CRIMINAL COMPLAINTS FILED IN [MS. LACKEY'S] CASE WERE JURISDICTIONALLY DEFECTIVE.**

**{¶16}** In her third assignment of error, Ms. Lackey argues the complaints filed against her were jurisdictionally defective. Specifically, Ms. Lackey argues the complaints were defective because the deputy clerk of courts did not handwrite the date on which the complaints were sworn.

**{¶17}** "The filing of a complaint invokes the jurisdiction of the municipal court." *Zanesville v. Rouse*, 2010-Ohio-2218, ¶ 5, judgment vacated in part and remanded to court of appeals on other grounds, 126 Ohio St.3d 1227 (2010) "It follows that if a complaint is not filed in a case, the trial court has not obtained jurisdiction over it." *Id.* Pursuant to Crim.R. 3(A):

> The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.

**{¶18}** Here, the record reveals the complaints: (1) contained written statements of the essential facts of the charged offenses; (2) contained numerical designations of the applicable statutes; and (3) were made upon oath before a deputy clerk of courts. The complaints were also time-stamped with the date and time they were filed. As such, "[t]he complaint complied with Crim.R. 3 in that it included a statement of the essential facts constituting the offenses charged, it stated the numerical designation of the applicable statutes or ordinances, and it was made upon oath before the deputy clerk, who was authorized by law to administer oaths." *City of Middletown v. Goldberg*, 2017-Ohio-788, ¶ 14 (12th Dist.). *See State v. Taylor*, 2015-Ohio-819, ¶ 10-11 (12th Dist.) (finding complaint valid where charging officer's oath was made before the deputy clerk, despite lack of notarization). *See also Cleveland v. Simpkins*, 2011-Ohio-1249, ¶ 11 ("Second, the complaint is missing the date the deputy clerk signed the complaint. Thus, the issue becomes

whether the complaint is defective because it was not properly sworn to. We find under the facts of this case that the complaint was not defective so as to deprive the court of jurisdiction.").

**{¶19}** Based upon this record, we cannot say the complaints were jurisdictionally defective. Accordingly, Ms. Lackey's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**[MS. LACKEY'S] TRIAL COUNSEL WAS INEFFECTIVE WHEN HE AGREED TO STIPULATED FACTS WITHOUT HER KNOWLEDGE AND CONSENT.**

**{¶20}** In her fourth assignment of error, Ms. Lackey argues her trial counsel was ineffective for agreeing to stipulated facts without her knowledge and consent.

**{¶21}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Ms. Lackey must establish (1) that her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Ms. Lackey must show that there existed a reasonable probability that, but for her counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 2016-Ohio-8025, ¶ 138. "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available." *State v. Koch*, 2019-Ohio-4099, ¶ 57 (2d Dist.), citing *State v. Cook*, 65 Ohio St.3d 516, 524 (1992).

**{¶22}** Here, trial counsel stipulated to, among other things, the following: "[a]t all relevant times, [Ms. Lackey] was the 'owner, manager, or employee of dog kennel' and 'did confine or was the custodian or caretaker of' the 'companion animals' identified as 'dogs #10-17' in count two of the complaint." As indicated above, the record indicates counsel for Ms. Lackey and the State met at the behest of the trial court and discussed pre-trial issues such as stipulations, witness lists, and other evidentiary issues. This Court is not privy to the substance of those discussions which occurred off the record. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Copley*, 2003-Ohio-7172, ¶ 19 (9th Dist.), quoting *State v. Carter*, 72 Ohio St.3d 545, 558 (1995), citing *Strickland* at 689.

**{¶23}** Based upon this record, we cannot say trial counsel's performance was deficient in stipulating certain facts and evidence because it may have been sound trial strategy at the time.

**{¶24}** Accordingly, Ms. Lackey's fourth assignment of error is overruled.

III.

**{¶25}** For the foregoing reasons, Ms. Lackey's first assignment of error is sustained, and Ms. Lackey's second, third, and fourth assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed, in part, reversed, in part, and remanded for proceedings consistent with this decision.

Judgment affirmed, in part,<br/>
reversed, in part,<br/>
and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

BETTY SUTTON
FOR THE COURT

 

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶26} I agree that the first assignment of error should be sustained. I respectfully dissent in regard to the second and fourth assignments of error as I would conclude that the issues pertaining to the stipulations are moot. The trial court's previous rulings on the stipulations have been rendered irrelevant.

APPEARANCES:

MICHELA HUTH, Attorney at Law, for Appellant.

J. JEFFREY HOLLAND and DANAMARIE K. PANNELLA, Attorneys at Law, for Appellee.